# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JANET VELEZ, LOURDES QUEZADA,**
**JENNY SORIA, MADELINE RIVAS,**
**NIKESHA WINFIELD, DIANE HEARD,**
**and KEANA HAMPTON-ALLEN,**

                **Plaintiffs,**

**-vs-**                                                                   **Case No. 6:03-cv-878-Orl-22DAB**

**LEVY WORLD LIMITED**
**PARTNERSHIP, d/b/a: Fulton's Crab**
**House,**

                **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **MOTION FOR ATTORNEY FEES (Doc. No. 113)**
>
> **FILED:**       **November 27, 2006**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

      Defendant seeks an award of $157,733.40 in attorney's fees, pursuant to 42 U.S.C. § 1988(b), 42 U.S.C. § 2000a-3(b), and 28 U.S.C. § 1927. Plaintiffs have filed an opposition (Doc. No. 114). Upon a through review of the record, the briefs and the controlling authorities, the Court **respectfully recommends** that the motion be **denied.**

### *B*ACKGROUND*

Plaintiffs (all minorities) filed this action for racial discrimination under both federal and state law, arising out of an alleged failure to be served at a restaurant owned and operated by Defendant (Doc. No. 1). As alleged in the Complaint, prior to filing suit, the State of Florida Commission on Human Relations issued a determination of cause with respect to the state law claim, finding "reasonable cause to believe that an unlawful employment practice has occurred." (Doc. No. 1, Exhibit A).

The record reflects that Defendant answered the Amended Complaint, and vigorously defended the litigation. Following an impasse at mediation (Doc. No. 31), the parties moved for summary judgment (Doc. No. 32- Defendant; Doc. No. 63 - Plaintiffs) and the motions (along with related matters) were referred to the undersigned for issuance of a report and recommendation (Doc. Nos. 35, 65). The undersigned issued a Report and recommended that both Defendant and Plaintiffs' summary judgment motions be denied (Doc. No. 71), as it was felt that there were genuine issues of material fact precluding such relief.

On February 11, 2005, the District Judge considered the Report, and declined to adopt the recommendations (Doc. No. 77). The District Judge found the issue of whether Plaintiffs had established disparate treatment of similarly situated non-minority restaurant patrons to be dispositive, and granted Defendant's motion "on the basis that the Plaintiffs have failed to present evidence concerning an essential element of their *prima facie* case." (Doc. No. 77 at 3). Judgment was entered accordingly and Plaintiffs appealed (Doc. No. 93, 104).[1] On November 14, 2006, the Eleventh Circuit

---

[1] The Court denied a motion for reconsideration (Doc. No. 100).

Court of Appeals issued as mandate its unpublished opinion, affirming the district court (Doc. No. 111).

The instant motion followed.

### *ISSUES AND ANALYSIS*

Defendant asserts that it is entitled to recover its attorneys' fees from Plaintiffs under 42 U.S.C. §§ 1988(b) and 2000a-3(b), as it is the prevailing party in this suit. Moreover, Defendant asserts that it is entitled to recover fees from Plaintiffs' counsel pursuant to 28 U.S.C. § 1927, due to counsel's vexatious litigation tactics. Defendant claims that it has incurred in excess of $150,000 in attorney's fees defending this litigation from inception through February 22, 2005, and that an award consistent with this amount is appropriate. The Court is unpersuaded.

**Prevailing Party and the Civil Rights Act**

Defendant relies on the fee-shifting provisions pertaining to federal civil rights actions, which provide, in pertinent part:

> In any action or proceeding to enforce a provision of sections 1981 [or] 1982 . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs. . . .

42 U.S.C. § 1988(b).

> In any action commenced pursuant to [Title 42, Chapter 21, Subchapter II of the U.S. Code], the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs. . . .

42 U.S.C. § 2000a-3(b).

Defendant is clearly the prevailing party, but, as the statutory language notes, such an award is discretionary. In determining whether to exercise its discretion, the Court is guided by the *Christianburg* standard, which recognizes that a prevailing plaintiff should ordinarily be awarded attorney's fees, but a prevailing defendant should recover fees only "upon a finding that the plaintiff's

action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 421, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978). As noted by the Eleventh Circuit Court:

> In this context, the district court "must focus on the question whether the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful." *Sullivan v. Sch. Bd. of Pinellas County*, 773 F.2d 1182, 1189 (quoting *Jones v. Texas Tech Univ.*, 656 F.2d 1137, 1145 (5th Cir. Unit A Sept.1981)(footnote omitted). In the cases in which we have sustained findings of frivolity, plaintiffs have typically failed to "introduce any evidence to support their claims." *Sullivan*, 773 F.2d at 1189. Other factors that may be relevant to this inquiry include "(1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits." *Id.* The *Sullivan* factors, however, are "general guidelines only, not hard and fast rules," and "[d]eterminations regarding frivolity are to be made on a case-by-case basis." *Id*.

*Cordoba v. Dillard's, Inc.,* 419 F.3d 1169, 1176-7 (11th Cir. 2005). A close review of the record shows that a finding of frivolity is not supportable here.

First and foremost, this is not a case where Plaintiffs have failed to introduce any evidence to support their claims. *Sullivan,* 773 F.2d at 1189. Indeed, Plaintiffs commenced this case with a cause determination already in hand.[2] Rather, the case was disposed of on one narrow issue: Plaintiffs' failure to identify a large group of similarly situated non-minority patrons who were treated better. While the District Court interpreted the evidence as insufficient to establish Plaintiffs' *prima facie* case as a matter of law, it is worth noting that the undersigned, interpreting the same evidence, came to the opposite conclusion, for purposes of surviving summary judgment. Although the appellate court affirmed the district court's finding, nothing in either the district court's opinion nor that of the

---

[2]Moreover, the essential facts of how Plaintiffs were treated at the restaurant were admitted by Defendant. It is undisputed that Defendant's Caucasian waiter refused to serve these minority Plaintiffs. While Defendant strongly denied discriminatory intent, Plaintiffs claim could not be said to be completely without any factual foundation.

appellate court indicates that the Plaintiffs' position was frivolous, as opposed to merely unsuccessful.[3] As the *Cordoba* court reminds us:

> To this end, it is important that courts not engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success. No matter how honest one's belief that he has been the victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predictable. Decisive facts may not emerge until discovery or trial. The law may change or clarify in the midst of litigation. Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit.

*Cordoba,* 419 F.3d at 1181-82, quoting *Christianburg*, 434 U.S. at 421-22, 98 S.Ct. at 700-01. Defendant cites to no cases on facts similar to those present here where attorney's fees were awarded. While Defendant prevailed, the Court does not find that the case was so lacking in arguable merit as to be groundless. As such, it is **respectfully recommended** that the motion to award prevailing party fees be denied.

**Section 1927**

Defendant next seeks an award against Plaintiffs' counsel, contending that it is not only appropriate to do so, but a *"necessity"* (emphasis original - Doc. No. 113). The Court respectfully disagrees.

Title 28, U.S.C. § 1927 states:

§ 1927. Counsel's liability for excessive costs

Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the

---

[3]For similar reasons, the Court does not interpret Defendant's lack of a settlement offer as indicia of frivolousness.

> excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

The plain language of the statute imposes three essential requirements for an award of sanctions under § 1927: 1) the attorney must engage in "unreasonable and vexatious" conduct; 2) that "unreasonable and vexatious" conduct must be conduct that "multiplies the proceedings;" and 3) the dollar amount of the sanction must bear a financial nexus to the excess proceedings (the sanction may not exceed the "costs, expenses, and attorneys' fees reasonably incurred because of such conduct.") See *Amlong & Amlong, P.A. v. Denny's, Inc.*, 457 F. 3d 1180, 1190 (11th Cir. 2006) citing *Peterson v. BMI Refractories*, 124 F.3d 1386, 1396 (11th Cir.1997). An attorney multiplies proceedings "unreasonably and vexatiously" within the meaning of the statute "only when the attorney's conduct is so egregious that it is 'tantamount to bad faith.'" *Id.*, citing *Avirgan v. Hull*, 932 F.2d 1572, 1582 (11th Cir.1991); *see also Schwartz v. Millon Air, Inc.*, 341 F.3d 1220, 1225 (11th Cir.2003) ( noting that bad faith is the touchstone). Thus, "negligent conduct, standing alone, will not support a finding of bad faith under § 1927--that is, an attorney's conduct will not warrant sanctions if it simply fails to meet the standard of conduct expected from a reasonable attorney." *Amlong,* 457 F. 3d at 1193. A determination of bad faith is warranted where an attorney knowingly or recklessly pursues a frivolous claim or engages in litigation tactics that needlessly obstruct the litigation of non-frivolous claims. *Id.*, citing *Schwartz*, 341 F.3d at 1225.

Defendant cites to several examples of conduct it believes meets this high standard. The Court finds that none of the conduct complained of rises to the level of sanctionable conduct.

Certain Plaintiffs filed charges of discrimination pre-suit with the Florida Commission on Human Relations, and a Petition for Relief alleging violations of Section 509.092, Fla. Stat.

Defendant contends that Plaintiffs were thus barred from bringing a Section 509.092 suit here, but did so nonetheless, thus forcing Defendant to incur unnecessary attorney's fees in defending against this "frivolous" filing.  Defendant also cites to the inclusion of a claim for compensatory and punitive damages in the Complaint, which was ultimately dismissed as to Plaintiffs § 2000a claim.  The Court finds no basis for sanction.  "[T]he language of § 1927 makes clear that it only applies to unnecessary filings after the lawsuit has begun" and does not apply to initial pleadings.  *Macort v. Prem, Inc.,* 2006 WL 3473734 (11th Cir. November 2006) (slip opinion) (unpublished) (noting that the filing of a frivolous complaint may be sanctioned by Rule 11 or a court's inherent power, but not pursuant to § 1927.)  The Court notes that no Rule 11 motion was filed.

The Court is similarly unimpressed with Defendant's contentions that because the Court denied some of Plaintiffs' procedural motions, bad faith sanctions are justified.  The Court notes that it has denied some of *Defendant's* motions, as well.  (*See* Doc. No. 14, 71).  With respect to Defendant's objections to Attorney Bourda's comments, the Court has already addressed the matter (Doc. No. 76).  The unprofessional comments hardly rise to the level of knowingly and recklessly pursuing a frivolous claim.  Nor does the Court see how Plaintiffs' counsel's "minimal discovery efforts" can be interpreted as multiplying these proceedings.  If anything, counsel's failure to propound interrogatories or depose witnesses meant that there was *less* work for defense counsel, not more.

Lastly, Defendant contends that "when it became painfully apparent that discoverable evidence would not bear out Plaintiffs' discrimination claims, Plaintiffs' counsel had an affirmative duty to discontinue their quest." (Doc. No. 113 at 16).  His failure to do so warrants sanction because, in Defendant's view, "at the conclusion of Plaintiffs' depositions, it was obvious that Plaintiffs would

not be able to establish a *prima facie* case of public accommodation discrimination because, *inter alia* (I) Plaintiffs were never denied the right to contract for services at Fulton's Crab House; (ii) Plaintiffs could not prove that Fulton's Crab House treated similarly situated individuals differently; (iii) Plaintiffs could not prove that Fulton's Crab House intended to discriminate against Plaintiffs because of their race or national origin; and (iv) Plaintiffs could not show that the legitimate, nondiscriminatory reasons offered by Fulton's Crab House for not serving Plaintiffs on a more expedient basis were pretextual." *Id.*   Defendant cites *Torres v. City of Orlando,* 264 F. Supp. 2d 1046 (M.D. Fla.), *aff'd* 2003 WL 22994265 (11th Cir. 2003) as authority for awarding fees in "circumstances similar to these."  This argument, too, misses the mark.

The Court reminds Defendant that the district court granted summary judgment on a narrow basis: the lack of a large group of non-minority patrons treated differently. The Court did *not* find that Plaintiffs were not denied the right to contract, nor that Defendant did not intend discrimination. Moreover, as noted above, in view of the fact that the undersigned found Plaintiffs' case to be colorable, at least through the summary judgment stage, the non-viability of Plaintiffs' case was not as "obvious" as claimed. As for Defendant's reliance on *Torres,* a review of the facts in that case belie any alleged similarity.

In *Torres,* Judge Presnell found that Torres had failed to produce "any direct or circumstantial evidence of discrimination," as well as no evidence of pretext. 264 F. Supp. 2d at 1049. By contrast, Plaintiffs had their testimony (largely unrebutted) regarding the waiters refusal to serve them, and other evidence sufficient to obtain a determination of cause from the state agency that reviews discrimination complaints. Moreover, as recognized by the *Torres* court, in this circuit, "something more than lack of merit is required for imposition of sanctions under § 1927." *Id.* at 1053, fn. 16.

Judge Presnell found that Torres' counsel "had no reasonable basis to pursue th[e] litigation" in that counsel "intentionally-although perhaps without malice-filed and prosecuted claims that lacked any plausible legal or factual support." *Id.* at 1054. Such is simply not the case here.

At the end of the day, the essence of Defendant's motion is that it is entitled to fees because it won the case, and it won the case because the suit was frivolous, and the proof of the frivolity is that Defendant won the case. Such circular reasoning hardly evidences a wilful abuse of the judicial process. Absent a showing tantamount to recklessness or bad faith, sanctions against Plaintiffs' counsel are not warranted.

It is respectfully recommended that the motion be **denied.**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on February 13, 2007.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy